IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD C. IVINS, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-1282-LPS |
| JOSEPH HARMON, et al., | : | |
| Defendants. | : | |

Richard C. Ivins, Milton, Delaware, Pro Se Plaintiff.

Michael F. McTaggart, Deputy Attorney General Deputy, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

August 11, 2017
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Richard C. Ivins ("Plaintiff") filed this civil rights action on October 8, 2014. (D.I. 1) He appears *pro se* and has paid the filing fee.[1] Pending is Defendants' motion to dismiss for failure to prosecute (D.I. 18) and motion for summary judgment. (D.I. 19) Plaintiff did not respond to either motion. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Court will grant the motion to dismiss for failure to prosecute and will deny as moot the motion for summary judgment.

## II. BACKGROUND

When Plaintiff commenced this action he was represented by counsel. In March 2016, Plaintiff's attorney withdrew from the case. (D.I. 6, 7) The Court entered a scheduling order on March 29, 2016 that provided a discovery deadline of December 31, 2016 and a dispositive motion deadline of February 1, 2017. (D.I. 8) Defendants served discovery upon Plaintiff, but he did not respond to the discovery requests. (D.I. 11, 12) Plaintiff's deposition was scheduled for August 2, 2016. (D.I. 17) Plaintiff appeared, but indicated that he did not want to go forward with his case and stated on the record that he wanted to dismiss his case. (D.I. 18-2 at 93-97)

Defendants mailed Plaintiff a stipulation of dismissal to an address he provided at his deposition. (D.I. 18-2 at 89) According to Defendants, it was returned as undeliverable. Defendants then mailed the stipulation of dismissal to the address listed on the Court docket, but plaintiff did not return the signed stipulation of dismissal to Defendants. Subsequently, Defendants filed a motion to dismiss and a motion for summary judgment. (D.I. 18, 19) Plaintiff did not respond to either motion.

---

[1]Plaintiff was represented by counsel when he commenced this case.

1

## III. LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Under Local Rule 41.1, in a case pending in which no action has been taken for a period of three months, upon application of any party, and after reasonable notice and opportunity to be heard, the Court may enter an order dismissing the case, unless good reason for the inaction is given. *See* D. Del. LR 41.1.

The Court considers the following factors in determining whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *See Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

## IV. DISCUSSION

Defendants move for dismissal based upon Plaintiff's failure to prosecute this case. Plaintiff has failed to respond to discovery requests, failed to respond to dispositive motions, and indicated to Defendants that he did not wish to proceed with the case.

The Court finds that the *Poulis* factors warrant dismissal of Plaintiff' case. First, as a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claim. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Defendants are prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Here, Plaintiff has failed to respond to discovery requests propounded upon him and when he appeared for his deposition provided no testimony but, instead, indicated that he did not wish to proceed with the case.

As to the third factor, the Court docket indicates a history of dilatoriness. As noted, Plaintiff has failed to respond to two dispositive motions, has not responded to discovery, and has taken no action since August 2, 2016, when he appeared for his deposition. As to the fourth factor, the record suggests that Plaintiff's failure to prosecute his claim against Defendants is willful (indeed he indicated that he did not wish to proceed with his case) or in bad faith. Only Plaintiff can take steps to prosecute the case.

As to the fifth factor, the Court could impose sanctions precluding Plaintiff from presenting evidence at trial, granting summary judgment in favor of State Defendants, or forbidding Plaintiff from pursuing discovery – all of which would have the same effect as dismissal – or a monetary sanction could be imposed. The Court finds the sixth factor, the merits of the claim, neutral, given that no discovery has been conducted.

In light of the foregoing, the Court finds the *Poulis* factors weigh in favor of dismissal.

## V. CONCLUSION

The Court will grant Defendants' motion to dismiss for failure to prosecute (D.I.18) and will deny as moot Defendants' motion for summary judgment (D.I. 19).

An appropriate Order will be entered.